UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CALVIN CARTER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-01115 |
| NICHOLAS W. KULP, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Calvin Carter, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1), and has paid the filing fee. (See Doc. No. 3). The Complaint is before the Court for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

**I.     Section 1983 and PLRA Standards**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

Pursuant to Section 1915A, the Court must screen any prisoner complaint in order to identify cognizable claims, and must dismiss the complaint, or any portion thereof, if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Review of whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and must take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

## II. Review of the Complaint

### A. Allegations and Claims

Plaintiff brings this action against Detective Nicholas W. Kulp of the Metropolitan Nashville Police Department (MNPD) for his role in Plaintiff's 2015 arrest and subsequent detention. He sues Detective Kulp in his official capacity only. (See Doc. No. 1 at 2).

Plaintiff alleges that he was wrongfully accused of murder after he shot and killed one of two intruders who entered his apartment and attacked him on April 4, 2015. (Id. at 5). When police arrived at the scene, Plaintiff was arrested and searched by Officer Ronan, who then transported Plaintiff to MNPD's North Precinct where he was interrogated by Detective Kulp and Detective Andrew Davis. (Id. at 5, 7). Plaintiff was under the influence of drugs and alcohol during this interrogation, but was able to tell the detectives his side of the story, as follows: "I was defending myself, and my home against intruders, and two of the assailants [were] pulling their[ ] guns out on me inside my apartment. So, I shot one of the intruders for fear of my life[,] [w]hile the invader was making another attempt to assault me." (Id. at 7). Plaintiff alleges that Detective Kulp did not believe his story, which "didn't match the witnesses (sic) account." (Id.) Plaintiff alleges that there were no additional witnesses to the shooting. (Id.)

Detective Davis then ordered another officer to transport Plaintiff to the Criminal Justice Center, where he was booked on a first-degree murder charge. (Id.) The second intruder, Jermaine Simmons, gave a false statement to a different MNPD detective, but never testified against Plaintiff in court. (Id. at 7–8). Plaintiff alleges that Detective Kulp used "deception" and "trickery" to make a false arrest and to proceed with the murder charge against Plaintiff, despite lacking probable cause "[d]ue[ ] to the witnesses (sic) misleading statements did not add up to the crime scene evidence." (Id. at 8). He claims that Assistant District Attorney General Deborah Housel should not be able to prosecute him because of his statutory right to self-defense, and that the proceedings against him violate various provisions of the federal and state constitutions.[1] (Id.) Plaintiff

---

[1] The Court takes judicial notice of Plaintiff's prior filing in this district, against Housel and Judge Monte Watkins, in which Plaintiff unsuccessfully sought relief after Judge Watkins allegedly denied his fifth court-appointed attorney's speedy trial motion on grounds that Plaintiff had fired too many prior attorneys to be entitled to speedy trial relief. Carter v. Watkins, et al., No. 3:19-cv-00965, Doc. No. 3 (M.D. Tenn. Jan. 7, 2020) (Trauger, J.).

concludes his statement of allegations with the following: "I been incarcerated for 5 years, and 8 months. I been discriminated against in the justice system. I been denied effective representation by the court. My trial is marked by racial bias or prosecutorial misconduct etc." (Id.)

As relief, Plaintiff seeks an award of six million dollars "for false imprison[ment], pain and suffering," "oppressive pre-trial incarceration," and "illegal confinement." (Id. at 6).

### B. Analysis

The Complaint alleges both false arrest and false imprisonment. "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 549 U.S. 384, 388 (2007). False imprisonment is detention without legal process; it therefore ends, and the statute of limitations for a false imprisonment claim under Section 1983 begins to run, "once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389. A one-year statute of limitations applies to actions brought in this Court under Section 1983. Tenn. Code Ann. § 28-3-104(a)(1) (establishing one-year statute of limitations for actions for false imprisonment and for actions brought under the federal civil rights statutes); Chase v. White, No. 3:16-cv-01576, 2016 WL 7210155, at *5, 7–8 (M.D. Tenn. Dec. 13, 2016) (applying § 28-3-104(a) to false arrest and imprisonment claims under § 1983). Any claim to damages based on Plaintiff's arrest and imprisonment in 2015, prior to the institution of legal process against him, is therefore time-barred. See id.

After legal process is instituted, "unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." Wallace, 549 U.S. at 390. The Complaint in this case suggests that the decision to charge Plaintiff with first-degree murder was made by Detective Kulp based on unreliable witness statements, without probable cause.

4

These allegations may be liberally construed as asserting a claim of unconstitutional, malicious prosecution. See Chase, 2016 WL 7210155, at *8 ("[A]ctions giving rise to a malicious prosecution claim under state and federal law are . . . distinct from those relating to . . . false arrest and false imprisonment," in that malicious prosecution actions are "grounded in the decision to prosecute."). To state a colorable malicious prosecution claim under Section 1983, Plaintiff must allege that: "(1) the defendant "made, influenced, or participated in the decision to prosecute"; (2) the government lacked probable cause; (3) the proceeding caused the plaintiff to suffer a deprivation of liberty; and (4) the prosecution ended in the plaintiff's favor." Lester v. Roberts, 986 F.3d 599, 606 (6th Cir. 2021) (quoting Jones v. Clark Cnty., 959 F.3d 748, 756 (6th Cir. 2020)). Because "a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, . . . the limitations period for such a claim [does not] begin until the favorable termination of [those] proceedings." King v. Harwood, 852 F.3d 568, 579 (6th Cir. 2017).

While the Court has the power, in a civil case that is dependent upon the outcome of a pending or anticipated criminal trial, "to stay the civil action until the criminal case or the likelihood of a criminal case is ended," Wallace, 549 U.S. at 393–94,[2] the Complaint in this case suffers from an additional defect that requires it to be dismissed rather than stayed. Namely, the Complaint asserts claims of constitutional deprivations and substantial damages against a municipal employee in his official capacity, but it does not allege that any unconstitutional actions of that employee were taken pursuant to a municipal policy or custom.

Plaintiff's official-capacity suit against Detective Kulp is tantamount to a suit against Kulp's municipal employer, the City of Nashville. See, e.g., Monell v. Dep't of Soc. Servs. of City

---

[2] If the criminal case ends in conviction, the stayed civil suit is then subject to dismissal if it would impugn that conviction, under the rule of Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

5

of New York, 436 U.S. 658, 690 n.55 (1978) (finding that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). "To successfully plead an official capacity claim against a municipal employee or entity, a plaintiff must: 1) identify a . . . policy or custom; 2) connect that policy or custom to the municipality; and 3) show that execution of that policy or custom caused the particular injury." Jarvis v. Marcum, 77 F. App'x 308, 310 (6th Cir. 2003) (citing, e.g., Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)).

Liberally construed, the Complaint alleges that Plaintiff's injury was caused by Kulp's decision to pursue charges against him based on the conflict between his story about the shooting at his apartment and that of another witness, despite the fact that the witness's "misleading statements did not add up to the crime scene evidence." (Doc. No. 1 at 7–8). The Complaint fails to identify any municipal policy or custom that motivated Kulp's decision. Because "[m]unicipalities are not . . . liable for every misdeed of their employees and agents," but only those misdeeds fairly attributable to the municipal government, Garner, 8 F.3d at 363, and Plaintiff does not identify any municipal policy or custom executed by Kulp that caused a violation of his constitutional rights, dismissal of the Complaint against Kulp is proper. Jarvis, 77 F. App'x at 310; see also Brookens v. United States, 981 F. Supp. 2d 55, 64 (D.D.C. 2013) ("A complaint that does not sufficiently allege harm caused by a municipality's policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed.") (citation and internal quotation marks omitted).

**III.    Conclusion**

For these reasons, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim on which relief may be granted. The dismissal is without prejudice to Plaintiff's ability to file an action for malicious prosecution at the proper time.

The Court **CERTIFIES** that any appeal from the dismissal of this action would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE